UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL TROY OLSON,

    Petitioner,

v.                                               Case No. 5:14cv15/WS/CJK

N.C. ENGLISH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1) and memorandum in support of the petition (doc. 2). The government has responded in opposition to the petition (doc. 14) and petitioner has filed a reply (doc. 21). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes petitioner has not demonstrated entitlement to proceed under § 2241 and this action should be dismissed.

### BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate confined at the Federal Correctional Institution in Berlin, New Hampshire (doc. 20), is serving a sentence imposed by the United States District Court for the District of Minnesota ("Minnesota District Court") in *United States v. Olson*, Case Number 04-CR-398. (Doc. 14-1, p. 7-10). On January 25, 2005, petitioner was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*Id.*, p. 2-3, 5). Under 18 U.S.C. § 924(e),

petitioner was subject to a mandatory fifteen-year minimum prison sentence because he had three or more prior convictions for violent felonies. (*Id.*, p. 2). Petitioner was sentenced to 275 months imprisonment and 5 years of supervised release. (*Id.*, p. 8-9). Petitioner appealed his conviction and sentence; on April 24, 2006, the Court of Appeals for the Eighth Circuit affirmed. *United States v. Olson*, 177 F. App'x 512 (8th Cir. 2006). In June 2008, petitioner filed a "First Amendment Petition," asserting his conviction and sentence were void because his possession of a firearm did not affect interstate commerce and did not fall within the scope of § 922(g)(1). (*Id.*, p. 12-19). The Minnesota District Court construed the petition as a motion to vacate, set aside, or correct a sentence brought under 28 U.S.C. § 2255 and denied it as time-barred. (*Id.*, p. 21-24). In December 2008, petitioner filed another "First Amendment Petition." (Doc. 14-2, p. 2-144). This petition alleged the statute conferring jurisdiction on United States District Courts over criminal proceedings was not properly enacted and thus petitioner's original conviction and sentence were void. (*Id.*, p. 2-26). In May 2009, petitioner filed a third "First Amendment Petition," contesting both the legislative jurisdiction of Congress and the judicial jurisdiction of the District Court over his criminal case. (Doc. 14-3, p. 2-37). The Minnesota District Court construed both the December 2008 and May 2009 petitions as brought under § 2255. (Doc. 14-4, p. 19). Both motions were denied as successive and without merit on November 24, 2009. (*Id.*, p. 19-22). Petitioner filed a motion for reconsideration (*id.*, p. 24-38), which the Minnesota District Court denied on December 21, 2009 (doc. 14-4, p. 40). In October 2010, petitioner filed a motion alleging prosecutorial misconduct and contesting the validity of a search warrant used to gather evidence against petitioner. (*Id.*, p. 46-49). On November 3, 2010,

petitioner filed another motion alleging prosecutorial misconduct (*Id.*, p. 50-54). The Minnesota District Court construed these two motions together as another § 2255 motion and denied it as successive and time-barred. (*Id.*, p. 60-65). Two subsequent motions by petitioner were also interpreted as brought under § 2255 and denied. (*Id.*, p. 67-72, 74-78). Finally, petitioner filed a "Motion for writ of Audita Querela pursuant to 28 U.S.C. §1651" arguing his sentence enhancement under 18 U.S.C. § 924(e) was invalid because the jury in his criminal case was not presented with "*Shepard*-approved" documents to prove he had three prior convictions for violent felonies. (*Id.*, p. 80-82). This motion was treated as a successive § 2255 motion and denied on August 13, 2013.[1] (*Id.*, p. 85-89).

The current petition, filed pursuant to 28 U.S.C. § 2241, asserts the § 924(e) sentence enhancement should not apply to petitioner because the jury did not make the determination petitioner had three prior violent felony convictions. (Docs. 1, 2). Petitioner also argues *Shepard*-approved documents were not used to prove the prior convictions. (*Id.*).

## DISCUSSION

As an initial matter, the court notes the petitioner is no longer confined within the territorial jurisdiction of the United States District for the Northern District of Florida. Petitioner was transferred from the Federal Correctional Institution in Marianna, Florida, to another federal prison in Berlin, New Hampshire after he filed this § 2241 petition. (Doc. 20). As petitioner filed his petition in this district while incarcerated within its territorial jurisdiction, the transfer itself does not deprive the court of jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("Thus, *Endo*

---

[1] *See Shepard v. United States*, 544 U.S. 13 (2005).

stands for the important but limited proposition that when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." (discussing *Ex parte Endo*, 323 U.S. 283 (1944))); *Hanna v. Pettiford*, 2006 WL 2223996 (N.D. Fla. Aug. 1, 2006) ("Thus, *Padilla* does not appear to alter the longstanding rule that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change. Were the rule otherwise, a petitioner's case could potentially be delayed in perpetuity by repeated transfers. Such a result surely was not intended." (internal citations omitted)).

The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted on direct appeal or under 28 U.S.C. § 2255. *See United States v. Hayman*, 342 U.S. 205 (1952); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255."); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981)[2] ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."). Direct review of a federal conviction and sentence may be sought by filing a notice of appeal in the underlying criminal case. A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court which imposed the sentence.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

*Case No 5:14cv15/WS/CJK*

*Darby*, 405 F.3d at 944; *see also* 28 U.S.C. § 2255(a) (providing that a federal prisoner may file a § 2255 motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.").

Section 2255(e) bars a § 2241 petition if the prisoner has failed to seek, or has already been denied relief on a § 2255 motion, "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008) ("[A] § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so."). The narrow exception to the § 2255(e) bar is called the "savings clause." *Gilbert v. United States*, 640 F.3d 1293, 1305-06 (11th Cir. 2011). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013) (*citing McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). "The applicability of the savings clause is a threshold jurisdictional issue. . . ." *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013); *see also Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1262-63 (11th Cir 2013) ("Section 2255(e)'s language–'shall not be entertained'–speaks 'in imperative terms regarding a district court's power to entertain a [§ 2241] claim,' and 'in enacting § 2255(e), Congress clearly restricted the subject-matter jurisdiction of the federal courts' over § 2241 petitions." (alterations in original) (*citing Williams*, 713 F.3d at 1340)).

Although captioned as a § 2241 petition, petitioner is challenging the validity–not the execution–of his sentence. Petitioner asserts he is eligible to proceed under the savings clause based on *Bryant*, where the Eleventh Circuit outlined "the five specific requirements a § 2241 petitioner must satisfy to proceed under § 2255(e)." 738 F.3d 1253, 1257 (11th Cir. 2013). The five requirements are:

> (1) throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, this Court's precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition; (2) after the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent; (3) that Supreme Court decision applies retroactively on collateral review; (4) as a result of that Supreme Court decision applying retroactively, the petitioner's current sentence exceeds the statutory maximum; and (5) the savings clause of § 2255(e) reaches his claim.

*Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014) (summarizing *Bryant*'s five requirements).

Petitioner cannot satisfy the second or third requirement of *Bryant*. The court, therefore, will not address the other requirements. *See Jeanty*, 757 F.3d at 1285 ("We do not address all five requirements because doing so is not necessary to decide this case.").

Petitioner attempts to satisfy the second prong of *Bryant* by relying on the Supreme Court's decision in *Alleyne v. United States*, where the Court held "facts that increase mandatory minimum sentences must be submitted to the jury." 133 S. Ct. 2151, 2163 (2013). Petitioner argues his sentence enhancement under § 924(e) is invalid because the fact he had three prior violent felony convictions was determined by the judge at sentencing and not submitted to the jury. (Doc. 2). Petitioner's reliance on *Alleyne* is misplaced because that decision did not hold prior convictions

must be found by a jury to apply § 924(e)'s sentence enhancement. In *Almendarez-Torres v. United States*, the Supreme Court held a prior conviction was not an element of a crime that must be found by a jury. 523 U.S. 224 (1998). *Alleyne* did not disturb the Supreme Court's decision in *Almendarez-Torres*. *Alleyne*, 133 S. Ct. at 2160 n.1 ("In *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today."); *see also Jeanty*, 757 F.3d at 1286 ("But the *Alleyne* Court took pains to point out that its holding did not upset its previous ruling in *Almendarez-Torres v. United States*, which held that the fact of a prior conviction is not an 'element' that must be found by a jury."). Furthermore, petitioner cannot satisfy *Bryant*'s third requirement because the rule announced in *Alleyne* does not apply retroactively on collateral review. *Jeanty*, 757 F.3d at 1285 ("[Petitioner] does not meet *Bryant*'s third requirement because *Alleyne* does not apply retroactively on collateral review.").

The § 2241 petition also alleges "the Government did not provide or produce any *shephard* [sic] approved documents to enhance petitioner under 924(E) which illegally increased the maximum sentence from 120 months to 275 months pursuant to the recent *Alleyne* decision, and the *Bryant* ruling." (Doc. 1, p. 3). In *Shepard*, the Supreme Court limited the sources judges could consult when determining whether prior state convictions constituted violent felonies for purposes of § 924(e) enhancement. *Shepard v. United States*, 544 U.S. 13 (2005). Here, however, petitioner has not alleged his prior convictions do not qualify as violent felonies under 18 U.S.C. § 924(e). More importantly, *Shepard* was decided on March 7, 2005,

shortly after petitioner was found guilty of being a felon in possession of a firearm on January 25, 2005, but before petitioner was sentenced to 275 months imprisonment on July 20, 2005 (doc. 14-1, p. 7).  Petitioner did not raise his *Shepard* claim on direct appeal or in a timely § 2255 motion.  Since petitioner could have raised his *Shepard* claim in a timely filed § 2255 motion, he cannot demonstrate a § 2255 motion was inadequate or ineffective for raising that claim.

Petitioner has not established he is eligible to proceed under § 2255's savings clause.  The petition, therefore, should be dismissed for lack of subject-matter jurisdiction.

Accordingly, it is respectfully RECOMMENDED:

1.	That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1), be DISMISSED WITH PREJUDICE.

2.	That the Clerk be directed to close the file.

At Pensacola, Florida, this 4th day of December, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).